Filed 4/15/25  Aguilera v. Dole Packaged Foods CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOSE AGUILERA, Plaintiff and Appellant, v. DOLE PACKAGED FOODS, LLC, Defendant and Respondent. | F087224 (Super. Ct. No. 21-CV-00817) **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Peter MacLaren, Temporary Judge.  (Pursuant to Cal. Const. art. VI, § 21.)  Brian L. McCabe, Judge.

Capstone Law, Ryan H. Wu and Tyler Anderson, for Plaintiff and Appellant.

Reed Smith, Mara D. Curtis, Kasey J. Curtis, and Brian K. Morris, for Defendant and Respondent.

-ooOoo-

Plaintiff Jose Aguilera brought an action pursuant to the Labor Code Private Attorneys General Act of 2004, against Dole Packaged Foods, LLC (Dole).  Dole filed a motion for summary judgment and Aguilera filed a motion for leave to amend the operative complaint to substitute a new plaintiff in Aguilera's place.  The trial court granted Dole's motion for summary judgment and denied Aguilera's motion to amend. Aguilera appealed.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### A.    The Operative Complaint

On March 15, 2021, Aguilera initiated, in the Merced County Superior Court, the instant matter against Dole as *a class action*, asserting various wage and hour claims. Aguilera thereafter abandoned the class action in light of "the existence of an [applicable] arbitration agreement containing a class action waiver" that precluded class claims.

On May 24, 2021, Aguilera filed a first amended complaint (complaint) against Dole (and unspecified Doe defendants) under the Labor Code Private Attorneys General Act of 2004 (PAGA), which allows an "aggrieved employee" to recover civil penalties for Labor Code violations committed by an employer.  (Lab. Code, §§ 2698, 2699, subd. (a).)  More specifically, the complaint, which was filed on behalf of Aguilera "as an aggrieved employee" as well as "all other aggrieved employees," sought civil penalties for alleged violations by Dole of the wage and hour provisions of the Labor Code.

The complaint alleged, among other things:  "[p]laintiff and other non-party [a]ggrieved [e]mployees … were not paid for all hours worked because all hours worked were not recorded"; plaintiff and other non-party aggrieved employees "were not receiving certain wages for overtime compensation"; "[p]laintiff  and other non-party [a]ggrieved [e]mployees were not paid at least minimum wages for work done off-the-clock"; "[p]laintiff and other non-party [a]ggrieved [e]mployees were not provided complete and accurate wage statements"; and "[p]laintiff and other non-party [a]ggrieved [e]mployees did not receive payment of all wages due, including, but not limited to,

2.

overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods."

The complaint further alleged: "PAGA defines an 'aggrieved employee' in Labor Code section 2699(c) as 'any person who was employed by the alleged violator and against whom one or more of the alleged violations were committed.' "[1] The complaint noted: "Plaintiff and other current and former employees of Defendants are 'aggrieved employees' as defined by Labor Code section 2699(c) in that they are all Defendants' current or former employees and one or more of the alleged violations were committed against them." The complaint stated that Aguilera had complied with PAGA's pre-filing notice requirements, under which a potential plaintiff in an action for civil penalties under PAGA must provide a written pre-filing notice to the California Labor and Workforce Development Agency (LWDA), of the Labor Code violations at issue as well as supporting facts and theories. (See Lab. Code, §§ 2699, subd. (a),[2] 2699.3.)

---

[1] Effective July 1, 2024, Labor Code section 2699, subdivision (c) was amended to state: "For purposes of this part, 'aggrieved employee' means any person who was employed by the alleged violator and *personally suffered each of the violations alleged*." (Lab. Code, § 2699, subd. (c)(1), italics added.) However, former Labor Code section 2699, subdivision (c) is applicable here.

[2] Former Labor Code section 2699, subdivision (a) of PAGA is applicable to this matter. Former Labor Code section 2699, subdivision (a) provided: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA] or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees on behalf of himself or herself and other current or former employees pursuant to the [notice and fee] procedures specified in [Labor Code] Section 2699.3."

Labor Code section 2699, subdivision (a) of PAGA was amended effective July 1, 2024. Labor Code section 2699, subdivision (a) as amended, provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA] or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may,

3.

Specifically, the complaint noted: "On March 15, 2021, Plaintiff provided written notice by online filing to the LWDA and by Certified Mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with California Labor Code section 2699.3." The complaint added: "As of the filing date of this complaint, over 65 days have passed since Plaintiff sent the notice described above to the LWDA, and the LWDA has not responded that it intends to investigate Plaintiff's claims and Defendants have not cured the violations."

The complaint continued: "Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) and 2699.3(c) to recover civil penalties against Defendants for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 516, 551, 552, 1174(d), 1182.12, 1194, 1197, 1198, 2802, and 2810.5." The complaint also specified: "Pursuant to PAGA, and in particular, California Labor Code sections 2699(a), 2699.3(a), 2699.3(c), and 2699.5, and section 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for himself, all other non-party [a]ggrieved [e]mployees, and the State of California against Defendants for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 516, 551, 552, 1174(d), 1182.12, 1194, 1197, 1198, 2802, and 2810.5."

The complaint set forth a single cause of action under PAGA with numerous subparts enumerating all of the above noted Labor Code violations, along with voluminous and complex factual allegations describing each violation involving Aguilera and other employees. To sum up, the complaint alleged that Dole failed to (1) pay

as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees *against whom a violation of the same provision was committed* pursuant to the [notice and fee] procedures specified in [Labor Code] Section 2699.3." (Italics added.)

4.

minimum wage; (2) pay overtime; (3) provide meal periods; (4) provide rest breaks; (5) pay all wages due upon termination; (6) provide one day's rest in seven; and (7) reimburse employees for work-related expenses.

The complaint specified that, in light of the applicable statute of limitations, the period relevant to the claims in the complaint ran from "*one year prior to the filing of the pre-filing written notice to the [LWDA][, which notice was provided] in this case on March 15,2021, until judgment.*"[3]  (Italics added.)  The complaint requested a jury trial. Finally, the complaint prayed for civil penalties and attorneys' fees.

## B.    Relevant Facts

Aguilera is a former Dole employee.  Aguilera started working at Dole's Atwater facility in 1995 or 1996; the plant was initially owned by a different company but Dole took it over at some point.  Aguilera had held various positions at the plant, including sanitation worker, evaporator machine operator, and forklift operator.  During the final year of his employment with Dole, Aguilera worked as an evaporator machine operator, among other duties.

Aguilera took a leave of absence from his work at Dole from approximately January 16, 2020 to March 16, 2020.  He returned to work for three days:  March 17, March 18, and March 19, 2020.  Aguilera then went on a final leave of absence from March 20, 2020 until June 10, 2022, when he resigned from his employment.  Thus, during the period relevant to the complaint (March 15, 2020 to date of judgment), Aguilera worked at Dole for only three days in total.

---

[3]  See *Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, 839 [establishing one-year limitations period for PAGA claims]; Code Civ. Proc., § 340, subd. (a); *Soto v. Castlerock Farming & Transp. Inc.* (E.D. Cal. Mar. 25, 2013) WL 1222055 ["a plaintiff must file a PAGA notice with the LWDA within one year of the labor violations complained of"].)

During his deposition in the instant matter, Aguilera was shown Dole's policy concerning off-the-clock work. The policy stated: " 'Off-the-clock work is strictly prohibited. That is you cannot start work before you clock in and you're not allowed to continue working after you have clocked out.' " Aguilera acknowledged Dole's policy prohibited off-the-clock work and agreed there was a punch-in/punch-out system at Dole's facility during the last year of his employment. Aguilera answered in the affirmative when asked whether he "understood that during [his] employment with Dole, [he was] required to be punched in when [he was] doing work." Aguilera did not recall ever violating the off-the-clock policy during the final year of his employment with Dole.

Aguilera was next advised of Dole's policy regarding rest breaks. The policy stated: " 'Rest breaks: The company provides associates with paid rest breaks based on the number of hours the associate works in a workday. Associates will be paid for all rest breaks and do not clock out for rest breaks. Associates are free to come and go as they please and are free to leave the plant premises when on a rest break." Asked whether the above accurately reflected Dole's rest break policy during his final year of employment, Aguilera responded, "Yes, I do recall that." Aguilera said he took his rest breaks at Dole's plant and never violated the policy during his final year of employment with Dole.

As to Dole's meal break policy, Aguilera was asked: "[D]id you understand that it was Dole's policy during the final year of your employment to provide you with a 30-minute meal period before the fifth hour [of work]?" Aguilera responded: "Yes." Aguilera acknowledged he understood he needed to take an uninterrupted, work-free lunch break for 30 minutes. Aguilera acknowledged that employees were permitted to take their lunch break away from the Dole plant. Aguilera was written up on July 27, 2016, for not taking required meal breaks on time; he was directed to take his lunch within five hours of work. Aguilera acknowledged that Dole had a strict meal period policy.

6.

Aguilera was shown his wage statement for the period from March 8, 2020 to March 21, 2020.  Aguilera agreed he had no reason to dispute the accuracy of the wage statement.  Aguilera was also shown his final wage statement from Dole, dated June 10, 2022, which was when Aguilera resigned from Dole.  Aguilera said he had no reason to dispute the accuracy of that wage statement.  Aguilera had signed, on June 10, 2022, the wage statement, which included an attestation that he was not owed any additional money by Dole.

Aguilera was next shown his time records (punch-in/punch-out records) for the period from March 8, 2020 to March 21, 2020.  Aguilera said he had no reason to dispute the accuracy of the time records or the job classifications with which they were associated.  Asked whether he had ever purchased any work items with his personal funds during his last year of employment, Aguilera stated he had "purchased pliers, [flashlights], and a wrench."  Aguilera noted no one asked him to buy the tools.  He added he did not ask Dole for these tools, nor did he ask for reimbursement.

During his deposition, Aguilera was asked "why did you decide to go seek a lawyer and sue Dole after working there for 25 years?"  Aguilera answered:  "I was sick and I said I couldn't work with wheat, they sent me to work there … I couldn't breathe"  Aguilera added he would call in sick at times on account of working with wheat and would be told to give more notice that he was going to be out.  When Aguilera was asked whether he understood the lawsuit was brought as a representative action on behalf of the state with 75 percent of any recovery redounding to the state, Aguilera responded, "I don't know about that."  Similarly, when Aguilera was asked whether he understood that he would be entitled to only a small portion of any recovery obtained in the instant representative lawsuit, he replied, "I don't know."  Aguilera also testified he did not recall the specifics of the three days (e.g., details regarding meal periods, rest breaks, clocking in, clocking out, work done, use of personal tools, etc.) that he worked at Dole

7.

during the period relevant to the PAGA claims in the complaint. Aguilera noted he did not know whether anyone else would have any recollection or knowledge of such details.

**C.    Dole's Summary Judgment Motion and Aguilera's Motion to Amend the Operative Complaint to Add a New Plaintiff**

Dole moved for summary judgment on June 30, 2023. In support of its motion, Dole submitted Aguilera's deposition testimony. Dole also submitted its time keeping/time clock guidelines in support of its summary judgment motion; the guidelines note, "Off-the-clock work is strictly prohibited!" Dole further submitted its policies on rest breaks and meal breaks, among other wage and hour policies, as well as the documents used to train employees on company policies and related employee acknowledgment forms. In addition, Dole submitted Aguilera's personnel records (including write-ups when he violated company policies), timekeeping records, and wage statements. Finally, Dole submitted a declaration from Vasco Raposo, the senior area human resources manager for Dole's Atwater facility. Raposo declared, among other things, that Aguilera "repeatedly underwent Dole's training regarding recording time, wage payments, and meal and rest periods." Raposo further declared: "Plaintiff was disciplined in July 2016 for failing to take a compliant meal period on one occasion outside the Relevant Time Period. He was also disciplined in July 2017 for failing to clock-in and issued a written warning on one occasion for violating Dole's Associate Time Keeping/Time Clock Guidelines policy outside the statute of limitations period."

In its summary judgment motion, Dole argued Aguilera was precluded from serving as a PAGA representative plaintiff because he was not an aggrieved employee during the relevant period. Dole further argued the evidence submitted in support of its summary judgment motion established that its policies complied with California law and that Aguilera had not identified a single instance in which he had been subjected to any of the statutory violations alleged in the complaint.

8.

Dole submitted in support of its motion for summary judgment, inter alia, Aguilera's deposition testimony acknowledging that Dole provided legally-compliant meal and rest breaks, prohibited off-the-clock work, and paid him—on the day he provided notice of his resignation—all wages due to him. Dole also submitted Aguilera's deposition testimony in which he said that while he had purchased a few hand tools for work, he did so on his own accord without checking whether Dole had the tools available, did not inform Dole of his expenditures, and did not seek reimbursement for the tools. Dole further submitted evidence it did not round employee time.

Dole noted in its moving papers: "Crucially, Plaintiff worked only **three days** from March 17-19, 2020 during the statute of limitations period. This lawsuit fails for a simple reason: Plaintiff unambiguously testified that the violations alleged in the operative complaint either did not happen, or that he had [no] recollection of them happening during the relevant statute of limitations period. In fact, Plaintiff testified that he did not even seek to file a lawsuit pertaining to the claims alleged here, and that he does not understand basic aspects of this lawsuit. [Citation.] Instead, Plaintiff wanted to sue Dole because he was not granted a work station transfer request – something that has no relation to the lawsuit that his lawyers actually filed." (Emphasis in original.)

On August 7, 2023, several weeks after Dole filed its motion for summary judgment, Aguilera moved for leave to file an amended complaint to add non-party Marco Rivera Aguilar (another former Dole employee) as a new, named PAGA plaintiff and his representative claims. Aguilera's moving papers (motion to amend) stated:

> "On information and belief, proposed plaintiff Marco Rivera Aguilar worked for Defendant as a Forklift Driver at Defendant's Atwater, California location from approximately 2017 to December 2022. [Citation.] On June 9, 2023, Mr. Aguilar provided notice to the California Labor & Workforce Development Agency ('LWDA') of claims for civil penalties under PAGA. [Citation.] These claims are predicated on the same Labor Code violations and facts already alleged in this action. Though over 65 days have passed since Mr. Aguilar sent his notice, the

9.

LWDA has not responded that it intends to investigate any of the alleged Labor Code violations; accordingly, Mr. Aguilar has been authorized to bring suit for these claims under PAGA as of August 14, 2023."

Aguilera's moving papers (motion to amend) further stated:

> "Plaintiff's action presently alleges PAGA [claims] against Defendant on behalf of Defendant's non-exempt employees for unpaid overtime, unpaid minimum wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay all wages owed upon termination, and unreimbursed business expenses. Plaintiff seeks to amend his complaint to add claims by an additional plaintiff under PAGA based on the same facts, against the same Defendant, for the same non-exempt employees. [Citation.] Under these facts and applicable law, Plaintiff should be allowed to add a new party and these claims."

On August 16, 2023, approximately a week after filing the motion to amend his complaint to add Aguilar as a new representative plaintiff and his PAGA claims, Aguilera filed a limited response to Dole's motion for summary judgment. Aguilera stated in his response to Dole's motion for summary judgment: "Defendant Dole Packaged Foods, LLC's motion for summary judgment should be denied for the simple reason that the Court should grant Plaintiff Jose Aguilera's pending motion for leave to file the Second Amended Complaint. In so doing, proposed-Plaintiff Marco Rivera Aguilar will be added to the case and given the chance to represent himself, the LWDA and all other aggrieved employees in the same claims upon which Defendant seeks summary judgment *only against Plaintiff Aguilera*." (Italics in original.) Aguilera further noted in his response: "Notwithstanding any issues that Plaintiff Aguil[era] may encounter, the Court should still consider proposed-Plaintiff Rivera Aguilar's claims when determining whether any triable issues exist in this case. Plaintiff has timely moved for leave to file the SAC to add proposed-Plaintiff Rivera Aguilar to this action upon his satisfaction of the administrative requirements to serve as a PAGA representative."

Aguilera also observed in his response to Dole's summary judgment motion:

> "[P]roposed-Plaintiff Rivera Aguilar's claims are materially identical to Plaintiff Aguilera's claims. This means that proposed-Plaintiff Rivera

10.

Aguilar's claims will relate-back to the same 1-year statute of limitations period as Plaintiff Aguilera's PAGA claim, furthering the interests of adjudicating the entirety of the claims in this action on their merits. Of course, the evidence proffered by Defendant to support the instant Motion against Plaintiff Aguilera—Plaintiff Aguilera's deposition testimony about his experience in three days—is irrelevant and inapplicable to proposed-Plaintiff Rivera Aguilar's pursuit of his claims on behalf of the Aggrieved Employees. [¶] Thus, the true substantive issues in this case (i.e., whether Defendant committed Labor Code violations against any aggrieved employees during the relevant time period) are 'live' issues that Defendant's motion for summary judgment does not address in their entirety."

Aguilera's response to Dole's summary judgment motion concluded: "At most Defendant's motion amounts to a collateral attack on Plaintiff Aguilera's standing to serve as a PAGA representative, but the motion does not dispose of the Labor Code violations experienced by proposed-Plaintiff Rivera Aguilar nor his standing to serve as a PAGA representative. Given proposed-Plaintiff Rivera Aguilar's satisfaction of administrative requirements and timely motion to be added to this action by way of a Second Amended Complaint *before* Defendant's motion was set to be heard, and the Court's policy of liberally granting amendments, issues of material fact remain as to the claims of proposed-Plaintiff Rivera Aguilar on behalf of himself and all other aggrieved employees."

Dole filed a reply brief in support of its summary judgment motion. In its reply brief, Dole contended:

"Plaintiff offers **zero opposition** to the substance of Dole's motion for summary judgment. Dole offered exhaustive evidence that all of Plaintiff Aguilera's claims—namely, his claims for minimum wages, overtime wages, missed meal periods, missed rest periods, failure to pay wages upon termination, failure to provide one day's rest in seven, and failure to reimburse work-related expenses—all fail. Specifically, Dole offered Plaintiff's deposition, time records, wage statements, policy records, training records, and managerial testimonial evidence all showing that … there is not one iota of support for Plaintiff's allegations.

11.

"Plaintiff has offered absolutely nothing to rebut this evidence. Plaintiff has submitted no evidence in support of his Opposition. And, in fact, Plaintiff's Opposition does not even address these substantive claims, and essentially concedes their lack of merit…. [¶] Plaintiff, however, seeks an escape hatch by attempting a flawed legal argument and a procedural gambit—namely, to bring in a new plaintiff at the last moment. [¶] … [¶]

"Here, Plaintiff's PAGA lawsuit fails because he is **not** an aggrieved employee. To that point, as demonstrated in the moving papers (and by way of Plaintiff's lack of opposition), the undisputed facts establish that Plaintiff did not experience any Labor Code violations. Accordingly, Plaintiff cannot maintain this PAGA action. *Rope v. Auto-Chlor. Sys. of Washington, Inc.* [(2013)] 220 Cal.App.4th 635, 651 …, *overturned … on other grounds* ('PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees. At least one violation must have been committed against the representative plaintiff.')." (Emphasis in original.)

Dole further argued that "Plaintiff's last-minute attempt to amend his complaint should be rejected because … permitting amendment would be deeply prejudicial to Dole after it has spent two-and-a-half years litigating the action with Plaintiff as the focus and filing a summary judgment motion based thereon, and California law disfavors permitting amendment when a motion for summary judgment is pending precisely because of the prejudice that it poses." Finally, Dole argued:

"[Z]ero evidence has been offered that Marco Rivera Aguilar has any viable claim. This is relevant because once a party moving for summary judgment has demonstrated that the lawsuit fails, it becomes the burden of the nonmoving party to proffer *evidence* that a **triable** issue of fact exists. *Aguilar v. Atlantic Richfield Co.*, 25 Cal.4th 826, 849 (2001). Code of Civil Procedure Section 437c(p)(2) specifically provides that mere allegations in a pleading are insufficient: 'The plaintiff or cross-complainant shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto.' Here … Dole has offered overwhelming evidence to establish that this lawsuit is without merit. In response, Plaintiff has offered no evidence to support his claim, nor the hypothetical claim of Marco Rivera Aguilar. No declarations, no documents, and no testimony have been put before the Court to support any

12.

supposed claim by Marco Rivera Aguilar. Mere allegations … cannot deflect summary judgment. As such, the introduction of Marco Rivera Aguilar as a hypothetical plaintiff simply does nothing to save Plaintiff's lawsuit." (Emphasis in original.)

**D.    Trial Court's Ruling**

On September 20, 2023, the trial court, after having issued tentative rulings on both Aguilera's motion to amend and Dole's motion for summary judgment, heard oral argument from the parties with respect to both motions. In its tentative rulings, the trial court denied Aguilera's motion to amend and granted Dole's motion for summary judgment. At the hearing on the motions, Aguilera's counsel directed her argument at the trial court's ruling denying his motion to amend the complaint to substitute a new plaintiff. Aguilera's counsel clarified that "we're not contesting at this point the Court's tentative ruling" on Dole's summary judgment motion. The trial court confirmed that point: "Okay. So you are not opposing the tentative ruling on the summary judgment."

The court then asked Aguilera's counsel: "So why can't you just file a new action with Mr. Aguilar as the plaintiff?" Aguilera's counsel responded: "Well, I don't dispute that we can do that … [but] [t]here's no reason why he should have to start from the beginning, number one. The entire case would have to be redone. Again, you can see the two years of extensive discovery that is applicable to Mr. Aguilar's case because it is materially identical to the existing matter. That's number one. [¶] Number two, the PAGA period would be cut short. So not only would we be prejudiced by having to restart the entire case and undergo the entire discovery process again, but we would have to limit the PAGA period to what would be appropriate simply for this plaintiff as being brought in a new action. In other words, the state and representative employees would be losing out on at least two years. I didn't do the exact math … it looks like they would be losing out on at least two years on value of their claim and of potentially employees who are now no longer going to be able to recover under this action."

13.

Aguilera's counsel added: "So the PAGA period at issue in the initial complaint goes from one year prior to the filing of that PAGA notice, which, again, I don't have that exact date in front of me, but … the period would [start] at some point in 2020. If we're forced to refile the case, then the PAGA period would go from the new date … that the [new] notice was sent and the year prior to that. So that would cut us back to June of 2022."

Dole's counsel argued, among other points, on behalf of Dole: "We have litigated this case for two years, two and a half years now, to get to the point to move [for] summary judgment against the plaintiff [Aguilera], a motion that plaintiff's counsel doesn't even dispute because [Aguilera] has no claims. He has no claims so the case should be dismissed … [¶] … [W]e would suffer immense prejudice by having to essentially start over with an entirely new case, an entirely new plaintiff with claims we don't even know, might be subject to the exact same defense in this case, but we're starting from square one as if this case never happened. [¶] And plaintiff's claim that this is exactly the same, it's like swapping somebody in, is proven false by the MSJ and by the MSJ ruling. If they're swapping someone in and it's exactly the same case, then … [proposed] plaintiff Rivera Aguilar's claims … would also fail and also should be dismissed, which they don't contend is the case. [¶] So it's clear that what they're doing here is they're trying to start an entirely new case because their first one failed. That's not appropriate two and a half years into a case."

Aguilera's counsel responded: "[I]f you look at the discovery that was actually conducted, it is not specific to this plaintiff [Aguilera]. Of course, there is some discovery specific to this plaintiff, such as production of his time records, his pay records and his deposition, but by and large, the policy manuals, the time and pay records of the aggrieved employees and the variety of policies at issue with respect to all the claims alleged in this case are what the discovery was about." Aguilera's counsel continued: "The concept that they have to start fresh again if we were allowed to make an

14.

amendment, it is nonsensical because you are essentially asking us to refile the same case and start fresh again anyway. It gets the exact same results, so I don't see how asking us to refile versus simply allowing us to amend at all addresses the plaintiff discovery. Again, all the discovery would essentially be abridged and they would be less prejudiced and less burdened by allowing us to amend because most, if not all, of the representative discovery has been conducted."

Thereafter, the trial court made its ruling. The trial court stated:

"Okay. I appreciate both of your arguments. I'm going to adopt the tentative ruling on both summary judgment and the motion for leave to amend.

"Basically from my point of view, Mr. Aguilar's case is a completely different case than the first case. I get that it's the same employer. I get that it's the same policies. And while you have some discovery in the first case that can be used in the second case, you can stipulate – I mean, I don't think any of you want to go through a whole double-set of documents, so you can stipulate to use that same discovery to the extent you want. The real prejudice that you are trying to argue here is whether the second case can bootstrap it to the time limit for the first.

"And you have actually pointed out that there was some delay in that this second plaintiff wasn't ready to proceed. And he's now ready to proceed and that's fine. That's the entitlement he can utilize. But I don't see that there's an automatic relation back to the first one given that there's two separate cases, two representatives. This is not a class action in which you are adding another representative; this is a representative case. And so I'm going to adopt both the tentative rulings. The motion for summary judgment is granted and the motion for leave to amend to add a new representative is denied. Thank you all."

Following the hearing on the motions, the trial court issued written rulings via minute order as to Dole's summary judgment motion and Aguilera's motion for leave to amend the complaint.

In its post-hearing, written ruling on Dole's summary judgment motion, the court noted: "Defendant's Motion seeks[s] Summary Judgment of the Entire Case (Ground 1), or in the alternative, Summary Adjudication of the seven PAGA claims (Grounds 2-8).

15.

The Court will first evaluate the Summary Adjudication Motions (Grounds 2-8) and then address the Motion for Summary Judgment (Ground 1)." The court then addressed seriatim, the various PAGA claims asserted in Aguilera's complaint (Grounds 2-8).

First, as to Aguilera's failure to pay overtime claim, the court determined that the evidence adduced by Dole "establishes a prima facie case that Defendant is entitled to judgment on the PAGA Overtime Claim as a matter of law." The court observed: "This shifts the burden of proof to Plaintiff to provide admissible evidence establishing a triable issue of material fact." The court credited Dole's evidence showing that Aguilera underwent training regarding recording time, wage payments, and meal and rest periods and that Dole's policies required that workers could not start work before clocking in and could not continue working after clocking out, with off-the-clock work being strictly prohibited. The court noted that Dole's policies required workers to record all hours worked on an automated time and attendance system. The court concluded that "Plaintiff has failed to establish a triable issue of material fact, and therefore … the Motion for Summary Adjudication (Ground 2) regarding Plaintiff's Overtime Claim is GRANTED."

Second, as to Aguilera's failure to pay minimum wage claim, the court determined that the evidence adduced by Dole "establishes a prima facie case that Defendant is entitled to judgment on the PAGA Minimum Wage Claim as a matter of law." The court noted: "This shifts the burden of proof to Plaintiff to provide admissible evidence establishing a triable issue of material fact." The court concluded: "Plaintiff has failed to establish a triable issue of material fact, and therefore … the Motion for Summary Adjudication (Ground 3) regarding Plaintiff's Minimum Wage Claim is GRANTED."

Third, as to Aguilera's failure to provide meal periods claim, the court determined that the evidence adduced by Dole "establishes a prima facie case that Defendant is entitled to judgment on the PAGA Meal Period Claim as a matter of law." The court observed: "This shifts the burden of proof to Plaintiff to provide admissible evidence establishing a triable issue of material fact." The court credited Dole's evidence showing

16.

that Aguilera repeatedly underwent training regarding recording time, wage payments, and meal and rest periods, and that Aguilera understood that it was Dole's policy to provide a 30-minute uninterrupted meal period before a fifth hour of work and that Dole strictly enforced the policy. The court concluded that "Plaintiff has failed to establish a triable issue of material fact, and therefore that the Motion for Summary Adjudication (Ground 4) regarding Plaintiff's Meal Period Claim is GRANTED."

Fourth, as to Aguilera's failure to provide rest periods claim, the court found that the evidence adduced by Dole "establishes a prima facie case that Defendant is entitlement to judgment on the PAGA Rest Period Claim as a matter of law." The court noted: "This shifts the burden of proof to Plaintiff to provide admissible evidence establishing a triable issue of material fact." The court credited Dole's evidence that its policy provides for requisite rest breaks, and that Aguilera understood Dole's rest period policy and did not violate it between March 15, 2020 and the termination of his employment. The court noted that Aguilera testified that Dole was strict and Aguilera had not provided any evidence to contradict or undermine Dole's evidence regarding the policy in effect at its plant. The court concluded that "Plaintiff has failed to establish a triable issue of material fact, and therefore … the Motion for Summary Adjudication (Ground [5]) regarding Plaintiff's Rest Period Claim is GRANTED."

Fifth, as to Aguilera's failure to pay wages at termination claim, the trial court found that the evidence adduced by Dole "establishes a prima facie case that Defendant is entitled to judgment on the PAGA Final wage Statement Claim as a matter of law." The court observed: "This shifts the burden of proof to Plaintiff to provide admissible evidence establishing a triable issue of material fact." The court concluded: "Since Plaintiff has failed to establish a triable issue of material fact … the Motion for Summary Adjudication (Ground 6) regarding Plaintiff's Final Wage Statement Claim is GRANTED."

17.

Sixth, as to Aguilera's failure to provide one day's rest in seven claim, the court determined that the evidence submitted by Dole "establishes a prima facie case that Defendant is entitled to judgment on the PAGA Rest Day Claim as a matter of law." The court observed: "This shifts the burden of proof to Plaintiff to provide admissible evidence establishing a triable issue of material fact." Citing facts adduced by Dole, the court concluded: "Plaintiff has failed to establish a triable issue of material fact, and therefore … the Motion for Summary Adjudication (Ground 7) regarding Plaintiff's Rest Day Claim is GRANTED."

Finally, as to Aguilera's failure-to-reimburse-necessary-business-expenses, the court found that the evidence submitted by Dole "establishes a prima facie case that Defendant is entitled to judgment on the PAGA Necessary Expense Reimbursement Claim as a matter of law." The court observed: "This shifts the burden of proof to Plaintiff to provide admissible evidence establishing a triable issue of material fact." Upon discussing relevant evidence, the court determined: "Plaintiff has failed to establish a triable issue of material fact as to whether he was required to purchase the tools to perform his job and therefore … the Motion for Summary Adjudication (Ground 8) regarding Plaintiff's Necessary Expense Reimbursement Claim is GRANTED."

The court concluded its written ruling on Dole's summary judgment motion as follows: "Since the Motion for Summary Adjudication of Grounds 2-8 [has] been granted, the motion for Summary Judgment (Ground 1) is GRANTED." The court also noted that Aguilera, at the motions hearing, did not contest the court's tentative ruling to the same effect.

The court then turned to Aguilera's motion for leave to amend the complaint. As to the latter motion, the court ruled: "Plaintiff's Motion for Leave to File a Second [Amended Complaint] alleging the same causes of action with respect to an additional Plaintiff is denied without prejudice to bringing a separate action on behalf of such other

18.

Plaintiff given that judgment has been entered on the claims brought by the instant Plaintiff."[4] (Some capitalization omitted.)

On October 16, 2023, judgment was entered in the matter as follows: "It is hereby ordered, adjudged, and decreed that Judgment shall be entered in favor of Dole and against Plaintiff and that Plaintiff shall take nothing by way of his First Amended Complaint against Dole." (Some capitalization omitted.) This appeal followed.

## DISCUSSION

**I.     The Trial Court's Rulings on Dole's Summary Judgment Motion and Aguilera's Motion for Leave to Amend the Complaint**

Aguilera challenges (1) the trial court's denial of his motion for leave to file a second amended complaint to add a new plaintiff to the case; and (2) the trial court's grant of summary judgment in favor of Dole. We affirm.

### A.     *Standard of Review*

We review for abuse of discretion, the trial court's order denying leave to amend a complaint. (*Miles v. City of Los Angeles* (2020) 56 Cal.App.5th 728, 739 (*Miles*).) Rulings regarding leave to amend are " 'entrusted to the sound discretion of the trial court' " and " 'will not be disturbed on appeal absent a clear showing of abuse of discretion.' " (*North Coast Village Condominium Assn. v. Phillips* (2023) 94 Cal.App.5th 866, 881.)

An order granting a motion for summary judgment is subject to *de novo* review. (*Ryan v. Real Estate of Pacific, Inc.* (2019) 32 Cal.App.5th 637, 642.) However, evidentiary rulings made in connection with a summary judgment ruling are reviewed for abuse of discretion. (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1118.)

---

**4** Dole's brief notes that Rivera Aguilar has "elected to bring his PAGA claims in a new lawsuit filed since this appeal was taken, as the trial court's order denying leave to amend permitted him to do."

19.

In all instances, the trial court's "decision is presumed to be correct, and appellant[] ha[s] the burden of affirmatively establishing reversible error." (*LaBarbera v. Security National Ins. Co.* (2022) 86 Cal.App.5th 1329, 1339.)

### B.     *Aguilera's Motion for Leave to Amend the Complaint*

Aguilera contends the trial court abused its discretion in denying his motion for leave to amend the operative complaint to substitute Rivera Aguilar as the representative plaintiff such that the latter's newly asserted PAGA claims would relate back to the original complaint.

"The Legislature enacted [PAGA] for the 'sole purpose' of increasing the limited capability of the State of California to enforce violations of the Labor Code. [Citation.] The statute authorizes 'aggrieved employees' to file lawsuits on behalf of the state seeking civil penalties for violations of the Labor Code, and allocates 75 percent of the civil penalties recovered to the [LWDA] and the remaining 25 percent to all employees affected by the violation. [Citations.] PAGA requires that before filing suit, the so-called PAGA plaintiff must submit notice of the alleged violations to the LWDA and to the employer." (*Hutcheson v. Superior Court* (2022) 74 Cal.App.5th 932, 935 (*Hutcheson*).)

#### (1)     The *Hutcheson* Case

The most relevant authority Aguilera cites to support his contentions that the trial court committed reversible error in denying his motion to amend is *Hutcheson*, *supra*, 74 Cal.App.5th 932, but *Hutcheson* is unavailing because its posture and factual circumstances are distinguishable. We will address and analyze *Hutcheson* in detail given its centrality to Aguilera's argument. *Hutcheson* involved two parallel PAGA actions filed against UBS Financial Services, Inc., by financial advisors Larry Van Steenhuyse and Andrew Hutcheson, respectively, with Hutcheson eventually seeking to intervene in Steenhuyse's case.

"Larry Van Steenhuyse (the first employee) worked for UBS Financial Services, Inc. (UBS), as a financial advisor. On December 22, 2017, he gave notice to the LWDA

20.

and UBS that he intended to seek penalties under PAGA on behalf of himself and all aggrieved UBS financial advisors in California for alleged Labor Code violations by UBS.… [¶] Van Steenhuyse did not receive any response from the LWDA within the statutorily required 65 days, and on the 66th day, February 26, 2018, as permitted by statute ([Lab. Code,] § 2699.3, subd. (a)(2)), he filed suit in Alameda County Superior Court against UBS alleging a single cause of action for penalties under PAGA. The complaint, like the notice that Van Steenhuyse had submitted to the LWDA and UBS, alleged that UBS violated [Labor Code] section 2802, by failing to indemnify financial advisors for business expenses, and violated [Labor Code] section 204 with respect to the timely payment of commissions." (*Hutcheson*, *supra*, 74 Cal.App.5th at pp. 936-937.)

"Andrew Hutcheson (the second employee) also worked for UBS as a financial advisor until he resigned his employment in December 2017. Like Van Steenhuyse, he gave notice to the LWDA and UBS of his intent to seek penalties under PAGA on behalf of himself and all aggrieved UBS financial advisors in California for UBS's alleged failure to reimburse business expenses and timely pay commissions. Hutcheson submitted his notice on April 18, 2018 [merely four months after Van Steenhuyse had done so], and did not receive any response from the LWDA within 65 days, [so in] February 2019 [he filed] his suit against UBS. Like Van Steenhuyse, Hutcheson filed suit in Alameda County Superior Court alleging a single cause of action seeking penalties under PAGA for alleged violations of [Labor Code] sections 2802 and 204." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 937.)

"Van Steenhuyse's and Hutcheson's notices and complaints [were] worded almost identically, and they ma[d]e the same allegations of facts and theories concerning UBS's purported violations of [Labor Code] sections 2802 and 204." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 937.)

"In March 2019, Hutcheson filed a motion to intervene in Van Steenhuyse's lawsuit and replace Van Steenhuyse as the named plaintiff.[5]  The parties stipulated to the filing of an amended complaint that added Hutcheson as the named plaintiff and removed Van Steenhuyse.  The parties also stipulated to the dismissal of Van Steenhuyse's PAGA claim with prejudice and the dismissal of Hutcheson's separate lawsuit without prejudice.  What the parties could not agree upon was whether the doctrine of relation back could apply."  (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 937.)

"The amended complaint alleged that under the doctrine of relation back the statute of limitations for Hutcheson's claim as substitute plaintiff extended back to December 22, 2016, which was one year before Van Steenhuyse submitted his notice of intent.  UBS disputed that the doctrine of relation back applied, and the parties agreed to submit the issue for resolution by the trial court in a motion … to be filed by UBS based on stipulated facts."  (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 938, fn. omitted.)  In its motion, "UBS argued that the amended complaint did not meet the general requirements for relation back, and even if it did, the doctrine could not apply because Hutcheson had not submitted his PAGA notice until after Van Steenhuyse filed suit.  UBS contended that Hutcheson was attempting to circumvent the PAGA notice requirement by benefitting from a complaint that was filed before he submitted his notice."  (*Ibid*.)

"The trial court granted [UBS's] motion.  The court presumed, without deciding, that the general requirements for relation back had been met, and ruled that even so, the doctrine did not apply because allowing relation back would frustrate the Legislature's intent of requiring notice under [Labor Code] section 2699.3, subdivision (a), as a

---

**5**  "According to the motion, Van Steenhuyse was 'no longer able to bear the financial burden and risk associated with serving as the named plaintiff in the litigation,' but was concerned that dismissal of the complaint 'would operate as res judicata with respect to all claims for civil penalties' under PAGA based on the violations alleged in his complaint.  Hutcheson was 'ready, willing and able to take over prosecution' of the action."  (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 937, fn. 2.)

precondition to filing a PAGA action. Hutcheson filed a petition for writ of mandate, which raise[d] the narrow issue whether relation back can apply in the [applicable] circumstances … where a proposed substitute plaintiff submitted [a] PAGA notice after the filing of the original complaint." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 938.)

On appeal, the *Hutcheson*, court summarized the issue before it: "Hutcheson argues that the amended complaint alleges the same general set of facts as Van Steenhuyse's original complaint (UBS's failure to reimburse financial advisors for necessary business expenditures and its failure to timely pay commissions), alleges the same injury (the deprivation of Lab. Code rights under [Lab. Code,] §§ 2802, 204, giving rise to PAGA penalties), and refers to the same instrumentality (that is, the cause of injury was UBS's unlawful reimbursement and compensation policies). Hutcheson and Van Steenhuyse met the notice requirement for PAGA plaintiffs: each provided notice of the pertinent facts and theories to the LWDA and to UBS, though Hutcheson provided his notice about four months after Van Steenhuyse. Hutcheson argues that because he and Van Steenhuyse pleaded their claims on behalf of the LWDA, which was the real party in interest, the substitution of Hutcheson as plaintiff did not prejudice UBS, which had been on notice of the claims since Van Steenhuyse alleged them in his December 2017 PAGA notice almost two years before UBS stipulated to the filing of the amended complaint. Hutcheson contends this is enough for relation back." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 941.) The *Hutcheson* court concluded: "Like the trial court, we presume without deciding that the three criteria for relation back are met. But unlike the trial court, we conclude that PAGA does not bar the application of the [relation back] doctrine in this case." (*Hutcheson*, *supra*, 74 Cal.App.5th at pp. 940-941.)

The *Hutcheson* court explained the reasoning for its conclusion, which was based on the particular facts of the *Hutcheson* case: "At the time Van Steenhuyse filed his original complaint, in February 2018, Hutcheson met the standing requirements for an aggrieved employee under [Labor Code] section 2699, subdivision (c). That is because

23.

Hutcheson was a former employee of UBS, and [as he was also a financial advisor like Van Steenhuyse] the alleged violations had also been committed against him. [Citation.] Although the LWDA was the real party in interest in Van Steenhuyse's case, Hutcheson, like Van Steenhuyse, was an aggrieved employee for purposes of Van Steenhuyse's case: he stood to recover civil penalties if Van Steenhuyse's case were proved. Hutcheson could not himself have filed suit in February 2018, because he had not submitted the required notice under [Labor Code] section 2699.3, but he fulfilled the notice requirement *shortly* thereafter [that is, a few months later]. Indeed, by the time he substituted in for Van Steenhuyse as plaintiff in this case, he had filed his own suit. The substitution of Hutcheson for Van Steenhuyse does not expand the scope of the original complaint filed by Van Steenhuyse. The LWDA remains the real party in interest, and UBS has had notice since December 2017 of the facts and theories underlying the claims." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 941, italics added.)

*Hutcheson* concluded: "In sum, we conclude that if the trial court finds [on remand] that the claims in the amended PAGA complaint here rest on the same general set of facts, involve the same injury, and refer to the same instrumentality as the claims in the original complaint filed by Van Steenhuyse (which the trial court presumed to be the case, and which UBS does not contest in connection with this writ proceeding), then the relation back doctrine applies, and Hutcheson can assert claims on behalf of the LWDA for violations going back to December 22, 2016. In other words, the mere fact that Hutcheson's PAGA notice was submitted after Van Steenhuyse's does not bar the application of the doctrine of relation back to an amended complaint that seeks to substitute Hutcheson as the representative plaintiff in this action." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 945.)

*Hutcheson*'s implications for the instant matter, however, cannot be discussed in isolation but rather, with reference to a subsequent case, *Hargrove v. Legacy Healthcare*, Inc. (2022) 80 Cal.App.5th 782 (*Hargrove*), cited by Dole. Since *Hargrove* determines

the outcome in the present matter, we will proceed to summarize that case in some detail next.

### (2) The *Hargrove* Case

The *Hargrove* matter was initiated by plaintiff Stephanie Hargrove in 2016, against various defendants, including San Bernadino Convalescent Operations, Inc. (SBCO), her former employer, under PAGA. "Approximately four years later, in 2020, Hargrove died. Her attorneys requested leave to file an amended pleading to substitute movant and appellant Makiya Cornell in place of Hargrove to prosecute the PAGA claims; however … the trial court denied the request, dismissed the action, and stated that Cornell 'is free to file her own claim and her own causes of action.' " (*Hargrove*, *supra*, 80 Cal.App.5th at pp. 785-786.)

Cornell appealed the trial court's denial of her motion to amend Hargrove's complaint to substitute herself as the plaintiff in Hargrove's pending PAGA matter. The *Hargrove* court noted that, while "strictly speaking" Cornell did not have standing to appeal the judgment, it would "treat the order denying the motion to amend as an order denying an implicit motion to intervene" and consider the appeal. *Hargrove* concluded "the trial court did not abuse its discretion in denying the motion [to amend]" to substitute Cornell as the plaintiff in the matter. (*Hargrove*, *supra*, 80 Cal.App.5th at p. 786.)

Hargrove worked at SBCO from August 2014 to August 2015 "as a nonexempt, hourly paid restorative nursing assistant (RNA)/certified nursing assistant (CNA)." (*Hargrove*, *supra*, 80 Cal.App.5th at p. 786.) After Hargrove passed away on February 27, 2020, "Hargrove's counsel identified Cornell as a new PAGA representative who was willing to replace Hargrove as the named plaintiff after complying with her own notice and exhaustion requirements. Cornell had worked at SBCO as a nonexempt, hourly paid licensed vocational nurse (LVN) from approximately May 2019 to August 2019. On May 13, 2020, she sent PAGA letters to both LWDA and defendants." (*Id.* at p. 787.)

25.

On August 21, 2020, the trial court held a hearing to consider "the request to substitute Cornell in place of Hargrove." (*Hargrove*, *supra*, 80 Cal.App.5th at p. 787.) At the hearing, the court "expressed concern" at the substitution request because it " 'would result in a different time period for the PAGA claim, which would date off of [Cornell's] notice.' " (*Ibid*.) Nonetheless the court allowed the parties to brief the issues "by way of a motion for leave to file a second amended complaint adding Cornell as the new plaintiff/representative." (*Ibid*.) Ultimately, the court denied the motion for leave to amend and dismissed the entire action. Hargrove's counsel filed a notice of appeal on behalf of " 'Proposed Plaintiff Makiya Cornell.' " (*Ibid*.) Cornell also initiated her own PAGA action against defendants. (*Ibid*.)

On appeal, the *Hargrove* court summarized the issue before it: "Cornell argues that the trial court abused its discretion in denying the motion to amend Hargrove's complaint because (1) PAGA's text and purpose are consistent with allowing the substitution of a PAGA plaintiff (an assignment of Hargrove's PAGA claim), (2) PAGA plaintiffs should be afforded the same rights and protections afforded to class action plaintiffs, and (3) the relation-back doctrine applies." (*Hargrove*, *supra*, 80 Cal.App.5th at p. 789.) *Hargrove* observed: "While we agree that a PAGA complaint may be amended to provide for the substitution of another person as the representative plaintiff in the action, we do not agree that it may be done in this case. Thus, the court's decision to deny amendment of Hargrove's complaint to add Cornell as the new representative plaintiff does not constitute an abuse of discretion." (*Hargrove*, *supra*, 80 Cal.App.5th at p. 789.)

The *Hargrove* court clarified: "Here, Hargrove's death necessitated the dismissal of her PAGA claim unless her PAGA complaint could be amended to substitute Cornell as the representative plaintiff." (*Hargrove*, *supra*, 80 Cal.App.5th at p. 789.) The court further noted that "[a]n employee does not have an assignable interest in his or her PAGA claim." (*Id*. at p. 790.) "However, Cornell contend[ed] that [the] case [was] not about

the assignment of a PAGA claim, but about the substitution of a named plaintiff." (*Ibid.*) "Cornell further argue[d] that her claims in the [proposed] amended PAGA complaint may relate to Hargrove's claim in the original PAGA complaint." (*Ibid.*)

Cornell cited *Hutcheson*, *supra*, 74 Cal.App.5th 932, in support of her contentions. *Hargrove* observed: "According to *Hutcheson*, Cornell may substitute into this action, and her PAGA claim may relate back to the original complaint if she meets PAGA's prerequisites (standing, notice, & statute of limitations) *and* the amended complaint is able to relate back to the original complaint (i.e., it rests on the same general set of facts, involves the same injury, & involves the same cause of injury). [Citation.] Applying the principles announced in *Hutcheson*, we conclude that Cornell is unable to substitute into this action." (*Hargrove*, *supra*, 80 Cal.App.5th at p. 791.)

*Hargrove* summarized its reasoning: "To summarize, Hargrove's counsel sought to avoid the harsh reality of the termination of Hargrove's PAGA claim—due to her death—by attempting to assign the claim to Cornell under the guise of an amended pleading to substitute the representative PAGA plaintiff. However, this is not possible under the facts of this case. To begin with[,] we note that the facts before this court differ from the facts in *Hutcheson*. In *Hutcheson*, there were two PAGA actions initiated within one year of each other (Van Steenhuyse's on Feb. 26, 2018, and Hutcheson's in Feb. 2019) regarding similar Labor Code violations that occurred almost contemporaneously. [Citation.] Moreover, Hutcheson filed a motion to intervene in Van Steenhuyse's action.[6] [Citation.] Here, Cornell had no separate PAGA action at the time the motion to amend was filed, nor did she seek to intervene in Hargrove's action. Also,

---

**6** *Hargrove* also pointed out that since Cornell did not start working for SBCO until 2019, she could not have been an "aggrieved employee" in 2016, when Hargrove filed her LWDA notice, which fact precluded Cornell from meeting the PAGA prerequisites for filing an action at the time Hargrove did. (*Hargrove*, *supra*, 80 Cal.App.5th at pp. 791-792.)

27.

the amended complaint [here] did not rest on the same general set of facts or involve the same injury because Hargrove and Cornell were never employed during the same year (Hargrove 2014-2015; Cornell 2019), they held different employee positions (Hargrove-RNA/CAN; Cornell-LVN), and Cornell alleged an injury (withholding fees for medical examinations) that was not alleged by Hargrove but could reach back six years.  Because substitution of the PAGA plaintiff is unavailable under the facts presented, we conclude the trial court did not abuse its discretion in denying the motion to amend." (*Hargrove*, *supra*, 80 Cal.App.5th at pp. 792-793.) *Hargrove* affirmed the judgment. (*Id*. at p. 793.)

### (3) Analysis

*Hargrove* controls the outcome in the instant matter as the facts of the instant matter are more analogous to *Hargrove* than they are to *Hutcheson*.[7]  We first consider whether Rivera Aguilar could properly substitute as plaintiff in place of Aguilera.  In this context, it bears mention that in *Hutcheson* the parties stipulated that Hutcheson could substitute as plaintiff in place of Van Steenhuyse and the only question before the court was whether the relation back doctrine would apply such that Hutcheson's amended complaint would relate back to the date of Van Steenhuyse's complaint.  Further, as *Hargrove* emphasized, substitution was proper in *Hutcheson* because "[i]n *Hutcheson*, there were two PAGA actions initiated within one year of each other (Van Steenhuyse's on Feb. 26, 2018, and Hutcheson's in Feb. 2019) regarding similar Labor Code violations that occurred almost contemporaneously.  [Citation.]  Moreover, Hutcheson filed a motion to intervene in Van Steenhuyse's action." (*Hargrove*, *supra*, Cal.App.5th at pp. 792-793.)

As for the instant matter, Aguilera commenced a leave of absence from Dole essentially in January 2020 (with the exception of working for three days in March 2020),

---

[7] The attorney who represented Cornell on appeal in the *Hargrove* case is the same attorney representing Aguilera in the instant appeal.  However, Aguilera's opening brief did not cite or otherwise bring to this court's attention, the *Hargrove* case.

28.

filed his notice of PAGA claims with the LWDA on March 15, 2021, filed the class action complaint initiating this matter on March 15, 2021 as well, and filed a first amended complaint alleging PAGA claims on May 24, 2021. Rivera Aguilar filed his notice with the LWDA on June 9, 2023, *over two years* after Aguilera had filed his notice. Accordingly, unlike the temporally overlapping claims of the plaintiff and the proposed plaintiff in *Hutcheson* (where the plaintiff and the proposed plaintiff filed their respective LWDA notices only four months apart), Aguilera's and Rivera Aguilar's respective claims were far from contemporaneous. Furthermore Aguilera moved to amend at a point when Dole's motion for summary judgment was already pending. Under these circumstances, substituting Rivera Aguilar as plaintiff in place of Aguilera would entail substantial prejudice to Dole. Moreover, in another departure from *Hutcheson*, Rivera Aguilar had no separate PAGA action at the time the motion to amend was filed, nor did he seek to intervene in Aguilera's action. (See *Hargrove*, *supra*, 80 Cal.App.5th at p. 793.)

Even assuming Rivera Aguilar could have properly been substituted in place of Aguilera, Rivera Aguilar's claims would not relate back to Aguilera's operative complaint. First, given the *extended* gap between the filing of Aguilera's LWDA notice and the filing of Rivera Aguilar's LWDA notice, Aguilera's claims and Rivera Aguilar's claims were far from contemporaneous and overlapping and Aguilera's claims were already subject to summary judgment at the time the motion to amend came before the court.

Second, during the period relevant to his claims, Aguilera apparently worked as an evaporator machine operator, among other duties, while Rivera Aguilar evidently worked as a forklift driver throughout his employment with Dole.[8] Aguilera's deposition

---

[8] Aguilera did not clarify in his motion to amend or in his appellate briefs whether, and to what extent, his job duties/position contrasted or overlapped with those of Rivera Aguilar. The record, however, reflects this information to some extent.

addressed in detail the requirements and schedule of his work as an evaporator machine operator at the end of his employment with Dole. The divergence between Aguilera's work experiences at Dole and those of Rivera Aguilar, as relevant to their respective PAGA claims, also militates against relation back. (See *Hargrove*, *supra*, 80 Cal.App.5th at p. 793 ["the amended complaint did not rest on the same general set of facts or involve the same injury because Hargrove and Cornell … held different employee positions (Hargrove-RNA/CAN; Cornell-LVN)"].) In *Hutcheson*, by contrast, both Van Steenhuyse and Hutcheson were financial advisors at UBS during the same timeframe and both alleged claims based on their financial advisor positions.

Moreover, since Aguilera essentially went on a leave of absence in January 2020, he and Rivera Aguilar did not overlap at Dole's facility during the time periods relevant to their LWDA notices. (See *Hargrove*, *supra*, 80 Cal.App.5th at p. 793 ["the amended complaint did not rest on the same general set of facts or involve the same injury because Hargrove and Cornell were never employed during the same year (Hargrove 2014-2015; Cornell 2019)"].)

Finally, the fact that the trial court, based on its evidentiary findings, actually granted summary judgment on Aguilera's complaint (the trial court's tentative ruling was expressly not contested by Aguilera and was adopted by the court as its final order—see below) is also indicative of a factual divergence between his claims and those of Rivera Aguilar. Indeed, Aguilera testified at deposition that he acted to sue Dole because he was unhappy with his work assignment; his work assignment involved working with wheat and led to breathing issues for him.

In short, Aguilera has not shown that his operative complaint and the proposed amended complaint necessarily rest on the same general set of facts, involve the same injury, and entail the same instrumentality. (See *Hargrove*, *supra*, 80 Cal.App.5th at p. 792 [" 'Under the relation back doctrine, an amended complaint is deemed to have been filed at the time of the earlier complaint if the amended complaint "(1) rest[s] on the *same*

*general set of facts*, (2) involve[s] the *same injury*, and (3) refer[s] to the *same instrumentality*." ' "].)

At the hearing on Aguilera's motion to amend, Aguilera's counsel explained that the benefit of substituting Rivera Aguilar as plaintiff and relating his claims back to Aguilera's complaint was, among other things, that it would add "at least two years on [the] value" of the claims and encompass employees who might otherwise not be able to recover pursuant to the action. The trial court observed: "The real prejudice that you are trying to argue here is whether the second case can bootstrap it to the time limit for the first." The trial court denied Aguilera's motion to amend upon concluding that Rivera Aguilar's claims would not relate back to Aguilera's operative complaint and therefore amendment would not serve its intended purpose.

We conclude the trial court did not abuse its discretion in denying Aguilera's motion to amend to substitute Rivera Aguilar as plaintiff and to apply the relation back doctrine.

### C.    *Dole's Motion for Summary Judgment*

Aguilera makes one other claim on appeal. Aguilera argues: "[T]he trial court erred by precluding Appellant [Aguilera] from representing aggrieved employees in pursuing violations committed on their behalf in its order granting summary judgment." Aguilera cites *Johnson v. Maxim Healthcare Services, Inc.* (2021) 66 Cal.App.5th 924, 929 (*Johnson*), to argue that "the only requirement for standing is that the plaintiff was employed by the defendant and has 'alleged that she personally suffered at least one Labor Code violation on which the PAGA claim is based.' " Aguilera states that under *Johnson, supra*, 66 Cal.App.5th at page 929, "the fact that the plaintiff's 'individual claim may be time-barred does not nullify alleged Labor Code violations nor strip [the plaintiff] of her standing to pursue PAGA remedies.' " Aguilera posits that, under *Johnson*, he "need only allege that [Dole] committed violations against him," and since

31.

he did so, the trial court erred in granting Dole's summary judgment motion in its entirety.

Dole responds: "[B]y failing to substantively oppose Dole's motion for summary judgment in the trial court, Plaintiff forfeited any ability to challenge that ruling on appeal. In moving for summary judgment, Dole made its prima facie case for why summary judgment was warranted. Plaintiff failed to submit *any* evidence or substantive argument in opposition. He instead argued that a new PAGA plaintiff (Non-Party Aguilar) should be permitted to take over his lawsuit. That argument was properly rejected in light of … *Hargrove*[,] and his new-on-appeal arguments against the trial court's grant of summary judgment are not properly before this Court and should not be considered." Dole further points out that Aguilera, in his response to Dole's summary judgment motion, "failed to submit *any* evidence supporting his or Aguilar's claims; nor did he cite any pertinent case law suggesting why, despite not having suffered a violation during the limitations period, Plaintiff [Aguilera] could serve as a PAGA representative."

Looking at the record, in his response to Dole's summary judgment motion, Aguilera had argued: "Plaintiff respectfully submits that Defendant's motion for summary judgment should be denied because the motion does not address the substantial merits of this case, to wit, whether Defendant committed Labor Code violations against all aggrieved employees during the entire statute of limitations period. At most, Defendant's motion amounts to a collateral attack on Plaintiff Aguilera's standing to serve as a PAGA representative, but the motion does not dispose of the Labor Code violations experienced by proposed-Plaintiff Rivera Aguilar nor his standing to serve as a PAGA representative. Given proposed-Plaintiff Rivera Aguilar's satisfaction of administrative requirements and timely motion to be added to this action by way of a Second Amended Complaint *before* Defendant's motion was set to be heard, and the Court's policy of liberally granting amendments, *issues of material fact remain as to the*

32.

*claims of proposed-Plaintiff Rivera Aguilar on behalf of himself and all other aggrieved employees.*"  (Second italics added.)

As clear from the above passage from Aguilera's response to Dole's motion for summary judgment, Aguilera argued that summary judgment was not warranted because "issues of material fact remain as to the claims of proposed-Plaintiff Rivera Aguilar on behalf of himself and all other aggrieved employees."  Aguilera did *not* argue that, based on *Johnson*, *supra*, 66 Cal.App.5th 924, Aguilera should be permitted to continue as plaintiff with respect to PAGA claims on behalf of other employees.  Indeed, Aguilera did not even cite *Johnson* in his response to Dole's motion for summary judgment.

After Dole's motion for summary judgment was fully briefed by both parties, the trial court issued a tentative decision granting Dole's summary judgment motion.  At the hearing on the tentative decision, Aguilera's counsel noted that Aguilera at that point was not contesting the court's tentative ruling that summary judgment was warranted on Aguilera's complaint.  Accordingly, in adopting its tentative ruling as its final order, the court noted the fact of Aguilera's non-opposition to the tentative ruling granting summary judgment in favor of Dole.  (See *Porterville Citizens for Responsible Hillside Development v. City of Porterville* (2007) 157 Cal.App.4th 885, 912 ["[W]hen a trial court announces a tentative decision, a party who failed to bring any deficiencies or omissions therein to the trial court's attention forfeits the right to raise such defects or omissions on appeal."]; *Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 [" 'Failure to raise specific challenges in the trial court forfeits the claim on appeal.' "].)

Given all the circumstances, we conclude that Aguilera knowingly waived for purposes of appeal, any argument that Aguilera should be permitted to continue as plaintiff with respect to PAGA claims on behalf of other employees.  We therefore decline Aguilera's invitation to consider his argument on this point for the first time on appeal.  Aguilera posits we may consider the argument to the extent it encompasses purely legal issues.  However, given the posture of this case, it is not entirely clear that

his argument entails pure questions of law.  Moreover, "we are not required to consider [a] new theory [on appeal], even if it raised a pure question of law."  (See *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767; *Hussey-Head v. World Savings & Loan Assn.* (2003) 111 Cal.App.4th 773, 783, fn. 7 ["To the extent we have discretion to review the issue [that was not raised below], we decline to do so."].)

## **DISPOSITION**

The judgment is affirmed.  Dole is entitled to its costs on appeal.


SMITH, J.

WE CONCUR:


PEÑA, Acting P. J.


FAIN, J.